IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARCOS A. REYNOSO,

    **Plaintiff,**

           v.

LOUIS   DEJOY,   POSTMASTER
GENERAL, *et al.*,

    **Defendants.**

**Civil No.** 21-1566 (FAB)

**OPINION AND ORDER**

BESOSA, District Judge.

Marcos A. Reynoso ("Reynoso") filed suit against defendants United States Postal Service ("USPS"), United States Department of Justice ("USDOJ"), and United States Postmaster General, Louis DeJoy ("DeJoy") (collectively, "defendants"), alleging age discrimination, racial discrimination, and workplace retaliation. (Docket No. 4.)  The defendants move for dismissal for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively.  (Docket No. 10-1.)  For the reasons set forth below, the defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

I.    **Factual Background**

The USPS hired Reynoso in 2014 as a mail processing clerk. (Docket No. 4 at p. 3.)  He then earned a promotion, serving as a

sales service clerk.  Id.  On various occasions, Reynoso notified the USPS that he experienced disparate treatment and a hostile work environment.  Id. at p. 4.  For example, in January 2017, the USPS "failed to take corrective action" after Reynoso's supervisors neglected to provide a "required break-in service." Id.

On July 16, 2020, Reynoso filed a report, asserting that his supervisor Carlos Barreto ("Barreto") established an "unsafe and hostile work environment."  Id.  The USPS once again "[f]ailed to take immediate corrective action."  Id.  Less than a week after this report, Reynoso's colleagues "began a pattern of workplace harassment and selective prosecution of plaintiff."  Id.  This prompted Reynoso to file an "EEOC Charge of Discrimination based on Color and Retaliation" ("EEOC charge") against supervisors Noel Torres and Javier González.  Id.  Reynoso also asserts that Barreto engaged in three additional "incidents of hostile work harassment."  Id.

Subsequently, USPS employee Carlos Ortiz ("Ortiz") physically assaulted Reynoso at work on January 20, 2021.  Id.  The USPS suspended both employees.  Id.  Ortiz returned to work two days

earlier than Reynoso, however, demonstrating that the USPS engaged in disparate treatment based on age and skin color.  Id.[1]

## II.  Procedural Background

On November 28, 2021, Reynoso commenced this action, setting forth three causes of action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, as well as discrimination based on race and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* (Docket No. 4.)  On April 13, 2022, the defendants filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim upon which relief could be granted, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), respectively. (Docket No. 10, Ex. 1.)  They argue that Reynoso failed to exhaust the administrative remedies available both pursuant to Title VII and the ADEA.  Id.  Reynoso opposed the defendants' motion to dismiss on May 17, 2022. (Docket No. 15.)

## III. Legal Standard

Federal courts are courts of limited jurisdiction.  Destek Grp., Inc. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003).  Pursuant to Rule 12(b)(1), a party may move to dismiss an action for lack of subject-matter jurisdiction.  Id.

---

[1] At the time of the altercation, Reynoso was over 40 years of age, while "Ortiz was under 40 years of age."  (Docket No. 4 at p. 4.)

In considering a Rule 12(b)(1) motion, the Court "must credit the plaintiff's well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citations omitted).

Reynoso shoulders the burden of establishing the existence of federal jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998) (citations omitted). Failure to comply with the statute of limitations does not "implicate the Court's subject matter jurisdiction. [Courts construe] timeliness and presentment arguments as affirmative defenses pursuant to Rule 12(b)(6)." Montalvo-Figueroa v. DNA Auto Corp., 414 F.Supp.3d 213, 231 (D.P.R. 2019) (Besosa, J.) (citing Martínez-Rivera v. Commonwealth of Puerto Rico, 812 F.3d 69, 73 (1st Cir. 2016)). "Thus, all of the defendants' arguments [will be] considered pursuant to Rule 12(b)(6)." Montalvo-Figueroa, 414 F. Supp. 3d at 231.

Rule 12(b)(6) provides that defendants may move to dismiss an action for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A Court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Id. at 555. In doing so, a court is "obligated to view

the facts of the complaint in the light most favorable to the plaintiffs, and to resolve any ambiguities in their favor." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011). The Court must also consider "(a) 'implications from documents' attached to or fairly 'incorporated into the complaint,' (b) 'facts' susceptible to 'judicial note,' and (c) 'concessions' in plaintiff's 'response to the motion to dismiss.'" Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55-56 (1st Cir. 2012) (citing Arturet-Vélez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 n.2 (1st Cir. 2005)).

Although, "the elements of a *prima facie* case may be used as a prism to shed light upon the plausibility of the claim," it is "not necessary to plead facts sufficient to establish a *prima facie* case" in order to survive a motion to dismiss. Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 54 (1st Cir. 2013). The *prima facie* analysis in a discrimination case is an evidentiary model, not a pleading standard. Id. at p. 51 ("[T]he *prima facie* case is not the appropriate benchmark for determining whether a complaint has crossed the plausibility threshold."). A complaint that adequately states a claim may still proceed even if "recovery is very remote and unlikely." Ocasio-Hernández, 640 F.3d at 13 (citing Twombly, 550 U.S. at 556).

Assessing the adequacy of a complaint in this jurisdiction requires a two-step analysis.  Zenón v. Guzmán, 924 F.3d 611, 615-16 (1st Cir. 2019).  First, a court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Id. at 615 (internal quotation marks omitted).  Second, the court "take[s] the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor" to "see if they plausibly narrate a claim for relief."  Id. at 615-16 (internal quotation marks omitted).

## IV.  The Title VII Claim

The defendants contend that Reynoso's Title VII claim is time barred.  (Docket No. 10, Ex. 1.)  Reynoso argues, however, that he filed suit within the applicable statute of limitations.  (Docket No. 15 at pp. 2 and 15.)

Pursuant to Title VII, an employer cannot "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Moreover, an employer cannot "limit, segregate, or classify his employees . . . in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an

employee, because of such individual's race, color, religion, sex, or national origin."  Id. § 2000e-2(a)(2).

Title VII is remedial, enacted by Congress "to assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race . . . or national origin." Alexander v. Gardner-Denver Co., 415 U.S. 36, 44 (1974); Franceschi v. U.S. Dep't of Veterans Affairs, 514 F.3d 81, 85 (1st Cir. 2008) ("Title VII is a vehicle through which an individual may seek recovery for employment discrimination on the grounds of race, color, religion, gender, or national origin.").

This statute "requires exhaustion of administrative remedies as a condition precedent to suit in federal district court." Jensen v. Frank, 912 F.3d 517, 520 (1st Cir. 1990) (citing Brown v. General Services Admin., 425 U.S. 820, 832 (1976)).[2]  See also Franceschi v. U.S. Dept. of Veterans Aff., 514 F.3d 81, 85 (1st Cir. 2008) ("Nevertheless, '[j]udicial recourse under Title VII [. . .] is not a remedy of first resort.  Before an employee may sue in federal court on a Title VII claim, he must first exhaust administrative remedies.'") (citations omitted); Frederique-Alexandre v. Dept. of Nat. and Env't Res. of Puerto Rico, 478 F.3d

_____

[2] The "USPS's EEO Guidelines, promulgated pursuant to 42 U.S.C.A. section 2000e-5, [also] prescribe a lengthy administrative process that plaintiffs must exhaust prior to filing a Title VII action in district court." Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir. 2003).

433, 440 (1st Cir. 2007) ("A plaintiff must exhaust his administrative remedies, including the EEOC procedures, before proceeding under Title VII in federal court."); Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996) ("Title VII [. . .] require[s] an employee to file an administrative charge as a prerequisite to commencing a civil action for employment discrimination."). "The purpose of that requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation." Fantini v. Salem State College, 557 F.3d 22, 26 (1st Cir. 2009) (citing Powers v. Grinnell Corp., 915 F.2d 34, 37 (1st Cir. 1990)); Lattimore, 99 F.3d at 464.

"The specific procedures for seeking agency relief [. . .] are set by the [EEOC] pursuant to its authority to 'issue such rules, regulations, orders, and instructions as it deems necessary to carry out its responsibilities'." Vera v. McHugh, 622 F.3d 17, 29 (1st Cir. 2010). The EEOC is responsible for "establishing the mechanisms and deadlines for employees to initiate the administrative process for claims based on discrimination encompassed within Title VII." Rojas v. Principi, 326 F.Supp.2d 267, 273 (D.P.R. 2004) (Acosta, J.) (citing 42 U.S.C. section 2000e-16(b)). This administrative process requires the aggrieved party to "initiate contact with a[n] [EEOC] Counselor within **45**

**days**" of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1) (emphasis added).[3] The EEOC "shall dismiss an entire complaint" when, among other reasons, it "fails to comply with the applicable time limits contained in [section 1614.105]." 29 C.F.R. § 1614.107(a)(2).

Once an administrative EEOC complaint is dismissed, the aggrieved party may file an appeal pursuant to section 1614.110(a), or may choose to file a civil action in federal court. See 29 C.F.R. §§ 1614.401, 1614.407. The civil action must be filed "[w]ithin 90 days of receipt of the agency['s] final action on an individual [. . .] complaint." 29 C.F.R. § 1614.407(a); see also 42 U.S.C. § 2000e-16(c) (stating that the aggrieved federal employee has 90 days upon "receipt of notice of final action taken" to file a civil action in federal court).

"[I]n employment discrimination cases, '[t]he scope of the civil complaint is [. . .] limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." Lattimore, 99 F.3d at 464 (citing Powers, 915 F.2d at 38) (citations omitted). "With limited

---

[3] See also Green v. Brennan, 578 U.S. 547, 549 (2016) ("Before **a federal civil servant** can sue his employer for violating Title VII, he must among other things, 'initiate contact' with an Equal Employment Opportunity counselor at his agency 'within **45 days** of the date of the matter alleged to be discriminatory.'" (citing 29 CFR section 1614.105(a)(1) (2015))) (emphasis added).

exception [. . .], the failure to exhaust this administrative process 'bars the courthouse door.'"  <u>Franceschi</u>, 514 F.3d at 85 (citing <u>Bonilla v. Muebles J.J. Álvarez, Inc.</u>, 194 F.3d 275, 278 (1st Cir. 1999)).

The exhaustion requirement in a Title VII action "is not strictly jurisdictional, but rather is more in the nature of a statute of limitations." <u>Lebrón-Ríos v. U.S. Marshal Serv.</u>, 341 F.3d 7, 14 (1st Cir. 2003) (citing <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982); <u>McKinnon v. Kong Wah Rest.</u>, 83 F.3d 498, 505 (1st Cir. 1996)). <u>See also</u> <u>Newman v. Lehman Bros. Holdings, Inc.</u>, 901 F.3d 19 (1st Cir. 2018) ("In considering administrative exhaustion requirements in similar statutes, we have held that such requirements are mandatory, though not jurisdictional in nature, and 'akin to a statute of limitations.") (citations omitted); <u>Morales-Cruz v. University of Puerto Rico</u>, 676 F.3d 220, 223 (1st Cir. 2012) ("The charge-filing requirement is mandatory but not jurisdictional [. . .].") (citations omitted).

The Supreme Court recently solidified this precedent. <u>Fort Bend County, Texas v. Davis</u>, 139 S.Ct. 1843, 1846 (2019) ("Title VII's charge-filing instruction is not jurisdictional," it is "among the array of claim-processing rules that must be timely raised to come into play."). Accordingly, Title VII causes of action are "subject to waiver, estoppel, and tolling when equity

requires." Martínez-Rivera, 812 F.3d at 77; Zipes, 455 U.S. at 393. These "doctrines 'are to be applied sparingly' [], however, and this circuit takes a 'narrow view of equitable exceptions to Title VII exhaustion requirements.'" Vera, 622 F.3d at 30 (citing Frederique-Alexandre, 478 F.3d at 440)).

Even so, "[a] claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it." Fort Bend Cnty., 139 S.Ct. at 1849. For example, in Frederique-Alexandre, the Supreme Court held that "the timeliness requirement set forth in 42 U.S.C. section 2000e-5(1) is mandatory." 478 F.3d at 437 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-10 (2002)).

The EEOC issued a "Dismissal of Formal EEO Complaint" letter on August 25, 2021. (Docket No. 10, Ex. 3.) This letter addressed Reynoso's physical altercation with Ortiz. Id. The EEOC determined that Reynoso's "request for pre-complaint counseling was made over **45 days** after the issue alleged to be discriminatory." (Docket No. 10, Ex. 3 at p. 4) (emphasis in original). In fact, Reynoso contacted the EEOC **85 days** after the January 20, 2021 altercation. (Docket No. 10, Ex. 1 at p. 8.) Similarly, Reynoso filed his formal EEOC complaint **19 days** after

receiving the Notice of Right to File an Individual Complaint.[4] (Docket No. 10, Ex. 3 at p. 6.)  Consequently, Reynoso's untimely filing warranted dismissal of his EEOC charge.

Once dismissed, Reynoso had **90 days** from the day he received the dismissal letter to file a civil suit in federal court.  29 C.F.R. § 1614.407(a); 42 U.S.C. § 2000e-16(c); <u>Loubriel v. Fondo del Seguro del Estado</u>, 694 F.3d 139, 142 (1st Cir. 2012) ("If the claim does not bring [the Title VII] suit within the prescribed 90-day period, the action is time-barred.").  The EEOC issued the dismissal letter on August 25, 2021.  (Docket No. 10, Ex. 3 at p. 7.)  Reynoso maintains, however, that he received the dismissal letter on August 30, 2021.  (Docket No. 15 at pp. 2 and 15.)  He subsequently filed suit in federal court on November 28, 2021 (Docket No. 1.), exactly 90 days from the date he allegedly received the dismissal letter.  Viewing the facts in the light most favorable to the plaintiff, <u>Ocasio-Hernández</u>, 640 F.3d at 17, the Court finds that Reynoso filed his civil suit within the

---

[4] <u>See</u> 29 C.F.R. § 1614.106(b) ("A complaint must be filed within 15 days of receipt of the notice required by section 1614.105(d), (e), or (f).").

corresponding 90-day statute of limitations.[5]  Accordingly, the
Court **DENIES** the defendants' motion to dismiss Reynoso's Title VII
claim.

## V.   The ADEA Claim

The defendants also contend that Reynoso's age discrimination
claim warrants dismissal for failure to exhaust administrative
remedies.  (Docket No. 10, Ex. 1.)  Reynoso's opposing argument is
two-fold:  (1) he contends that the exhaustion of administrative
remedies is not a jurisdictional requirement, and (2) he argues
that a federal employee may bypass the administrative complaint
process after providing the EEOC with notice of intent to file.
(Docket No. 15 at p. 5.)

The ADEA precludes workplace discrimination against
"employees or applicants for employment who are at least 40 years
of age."  29 USCA § 633a.  This statute requires a litigant to
file an administrative charge with the EEOC claiming, as in this
instance, age discrimination.  See 29 U.S.C. § 626(d)(1); Pérez-

---

[5] The Court attempted to confirm the date that Reynoso received the
dismissal letter on the USPS website with the relevant tracking number.
(Docket No. 15, Ex. 1 at p. 2.)  This tracking number, however, has
expired.  The date that Reynoso received the dismissal letter is a
question of fact, an issue that is not before the Court at this juncture.
Courts have held, however, that "in the context of first class mailings,
a reasonable [delivery] time may encompass anything from three to five
days."  Loubriel, 694 F.3d at 143 (citing Abraham v. Woods Hold
Oceanographic Inst., 553 F.3d 114, 121 n.10 (1st Cir. 2009) (assuming
in dicta that the plaintiff received the EEOC dismissal letter "three
days after it was issued")).

Abreu v. Metropol Hato Rey LLC, 5 F.4th 89, 91 (1st Cir. 2021)
("The ADEA requires that, before filing a civil suit, a litigant
must first file an age discrimination complaint with the EEOC.");
Powers, 915 F.2d at 37 ("As a prerequisite to the commencement of
a civil action under the ADEA, an aggrieved employee must file an
administrative charge with the EEOC [. . .].").  As with Title
VII, "compliance with the administrative filing requirement is
compulsory, not jurisdictional."  Pérez-Abreu, 5 F.4th at 91
(citing Tapia-Tapia v. Potter, 322 F.3d 742, 745 & n.4 (1st Cir.
2003)).  See also Martínez-Rivera, 912 F.3d at 73 (holding the
same in the context of an ADA claim); Velázquez-Rivera, 234 F.3d
at 795 (holding that the "ADEA claim failed for lack of exhaustion
of administrative remedies.").

     To pursue an ADEA cause of action, Reynoso had to request
EEOC counseling within 45 days of the alleged discriminatory event.
29 C.F.R. § 1614.105(a)(1); Velázquez-Rivera, 234 F.3d at 794.
Likewise, "[i]f the EEOC dismisses or otherwise terminates the
administrative proceedings, it must notify the complainant, who
then has 90 days after the date of receipt of such notice to file
suit."  Pérez-Abreu, 5 F.4th at 91 (citing 29 U.S.C. § 626(e))
(internal quotation omitted).

     "The legislative scheme for ADEA claims brought by federal
employees is materially different" from claims asserted by private

employees.  Rossiter v. Potter, 357 F.3d 26, 29 (1st Cir. 2004).

"That difference implicates the ADEA's enforcement mechanism:

whereas most employees must first exhaust administrative remedies

before instituting an ADEA action, a federal employee has the

option of bypassing administrative remedies entirely and suing

directly in the federal district court."  Jorge v. Rumsfeld, 404

F.3d 556, 561 (1st Cir. 2005) (citing 29 U.S.C. §§ 626(d) and

633a(c)).  Section 633a(d) provides the requirements for the bypass

option:

> When an individual has not filed a complaint concerning
> age discrimination with the Commission, no civil action
> may be commenced by any individual under this section
> until the individual has given the Commission not less
> than **thirty [30] days' notice of an intent to file such
> action. Such notice shall be filed within one hundred
> and eighty [180] days after the alleged unlawful
> practice occurred.** Upon receiving a notice of intent to
> sue, the Commission shall promptly notify all persons
> named therein as prospective defendants in the action
> and take any appropriate action to assure the
> elimination of any unlawful practice.

29 U.S.C. § 633a(d) (emphasis added).  In other words, "[a] federal

employee who wishes to avail himself of this bypass option must

notify the EEOC of his intent to sue within 180 days following the

occurrence of the allegedly unlawful practice and then observe a

thirty-day waiting period before filing suit."  Rumsfeld, 404 F.3d

at 561 (citing 29 U.S.C. § 633a(c).  This action must be filed

within two years from the date of the alleged discriminatory practice.  Id.; Rossiter, 357 F.3d at 27.[6]

Generally, a motion to dismiss "premised on the running of a statute of limitations, [will be granted] when the pleader's allegations 'leave no doubt that an asserted claim is time-barred.'"  Gorelik v. Costin, 605 F.3d 118, 121 (1st Cir. 2010) (citing LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998)).  Essentially, the ADEA provides Reynoso with two procedures to litigate his age discrimination claim:  (1) by following the EEOC's administrative process or (2) by using the administrative bypass option available only to federal employees.  See Rossiter, 357 F.3d at 29.  Reynoso's ADEA claim is time barred pursuant to both procedures.

First, Reynoso never alleged age discrimination in his EEOC charge; rather, he only alleged discrimination based on color and national origin.  (Docket No. 10, Ex. 3 at p. 8.)  Accordingly, Reynoso failed to exhaust administrative remedies required by the ADEA.  See Powers, 915 F.2d at 38 ("The scope of the civil complaint is accordingly limited by the charge filed in the EEOC and the

---

[6] See also Duffy v. England, No. 04-2122, 2005 WL 578144, at *1 (1st Cir. Mar. 11, 2005) ("We have held that in cases, where, as here, an ADEA claimant elects to bypass the administrative process and goes directly to federal court, the applicable limitations period is two years from the date of the allegedly discriminatory act or practice." (citing Rossiter, 357 F.3d at 34.)).

investigation which can reasonably be expected to grow out of that charge.")

The ADEA's administrative bypass is also unavailable to Reynoso. The ADEA clearly states that a federal employee must file notice with the EEOC within 180 days after the unlawful practice occurred. See 29 U.S.C. § 633a(d). Reynoso does not address or provide any evidence to suggest that he ever notified the EEOC of his intent to file suit in federal court. Thus, there is no date from which to calculate the 180-day statute of limitations where Reynoso's ADEA claim would survive dismissal. Accordingly, the Court **dismisses** Reynoso's ADEA claim **with prejudice.**

## VI.  The Retaliation Claim

Reynoso claims that the defendants "used the January 20, 2021 incident as a pretext to retaliate" against him for, *inter alia*, filing his prior EEOC discrimination charge. (Docket No. 4 at p. 7.) The defendants contend, however, that Reynoso's retaliation claim should be dismissed. (Docket No. 10, Ex. 1 at pp. 24-25.) They argue that because Reynoso's Title VII and ADEA claims warrant dismissal, his retaliation claim should suffer the same fate. Id. The Court disagrees with this proposition.

An employer may not discriminate against an employee "because he has made a charge" pursuant to Title VII.  42 U.S.C. § 2000e-3(a).  The First Circuit Court of Appeals has held that:

> A claim for retaliation for filing an administrative charge with the EEOC is one of the narrow exceptions to the normal rule of exhaustion of administrative remedies.  Such a claim may ordinarily be bootstrapped onto the other Title VII claim or claims arising out of the administrative charge and considered by the district court, even though it has not been put through the administrative process.  See Clockedile, 245 F.3d at 6.  This is so because such a claim of retaliation is "reasonably related to and grows out of the discrimination complained of to the [EEOC]." Id.  **In other words, the retaliation claim survives what would otherwise be a failure to exhaust administrative remedies by virtue of its close relation to and origins in the other Title VII discrimination claims.**
>
> Yet where, [. . .] administrative remedies have not been exhausted with respect to any of the other Title VII claims in the civil action, there is nothing properly before the court to which the retaliation claim may be bootstrapped.

514 F.3d at 86-87 (emphasis added) (citing Clockedile v. New Hampshire Dept. of Corrections, 245 F.3d 1, 6 (1st Cir. 2001)).

Courts have repeatedly followed this precedent.  See, e.g., Montalvo-Figueroa, 414 F.Supp.3d at 236 ("'[R]etaliation claims are preserved so long as the retaliation is reasonably related to and grows out of the discrimination complained of to the agency [. . . ].'"); Soto v. McHugh, 158 F.Supp.3d 34, 47 (D.P.R. 2016) (Gelpí, J.) (holding the same); Ortiz-Mejías v. Mun. of San Juan, Civ. No. 16-2713, 2017 WL 2929465, at *3 (D.P.R. July 10, 2017)

(García-Gregory, J.) (holding the same). "Shared factual allegations can also establish the requisite reasonable relation for bootstrapping." Santiago v. U.S. Dept. of the Army, 128 F.Supp.3d 469, 476 (D.P.R. 2015) (McGiverin, J.) (citing Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 22 (1st Cir. 2014)). Moreover, "[i]f retaliation is official [. . .] there is no need to worry about notice because the employer should already know." Montalvo-Figueroa, 414 F.Supp.3d at 236 (citing Clockedile, 245 F.3d at 5-6).

Reynoso's Title VII claim has survived the defendants' motion to dismiss. Accordingly, his retaliation claim is viable because it "is reasonably related to and grows out of" Title VII. See Franceschi, 514 F.3d at 86. Accordingly, the Court **DENIES** the defendants' motion to dismiss Reynoso's retaliation claim.

**VII. Improper Parties**

The defendants also contend that the USPS and the USDOJ are impermissible defendants. (Docket No. 10, Ex. 1 at p. 26.) The Court agrees with the defendants. The First Circuit Court of Appeals has held explicitly that:

> [Title VII] requires that all [employment discrimination] claims be brought against the "head of the department, agency, or unit, as appropriate."42 U.S.C. section 2000e-16(c)). In cases brought against the Postal Service, the Postmaster General is the only properly named defendant. Rys v. U.S.P.S., 886 F.2d 443, 445 (1st Cir. 1989). A district court should

> dismiss claims brought against all other defendants, including the U.S. Postal Service and the local postmaster. <u>Lamb v. United States Postal Service</u>, 852 F.2d 845, 846-47 (5th Cir. 1988).

<u>Soto v. U.S.P.S.</u>, 905 F.2d 537, 539 (1st Cir. 1990). The ADEA is also appliable only to the Postmaster General. <u>See</u> <u>Mulero-García v. United States</u>, Case No. 16-2572, 2018 U.S. Dist. LEXIS 96877, at *2 (D.P.R. June 6, 2018) ("Here, the only proper defendant allowed under Title VII and the ADEA is the head of the USPS, [the] Post General [. . .]. All claims against other Defendants [. . .] are not proper according to the law.") (Gelpí, J.).

Because General Postmaster Louis DeJoy is the only appropriate defendant, the Court **dismisses** the claims as to the USPS and the USDOJ **with prejudice**. <u>See</u> <u>Ruiz-Justiniano v. U.S.P.S.</u>, Case No. 16-1526, 2018 U.S. Dist. LEXIS 111404, at *4 (D.P.R. June 29, 2018) ("Therefore, all Title VII and ADEA claims against the United States Postal Service and the United States of America are hereby dismissed with prejudice.") (López, Mag. J.).

**VIII. Conclusion**

For the reasons stated above, the Court **GRANTS** the defendants' motion to **DISMISS** Reynoso's ADEA claims **WITH PREJUDICE**. (Docket No. 10.) The Court also **GRANTS** the defendants' motion to dismiss the claims as to the USPS and the USDOJ **WITH PREJUDICE**. <u>Id</u>. The

Court **DENIES** defendants' motion to dismiss Reynoso's Title VII and retaliation claims.

> **IT IS SO ORDERED.**

San Juan, Puerto Rico, February 27, 2023.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE
